UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

PHILLIP RAYE KILGORE, )
 )
    *Petitioner,* )
 )
v. ) No. 1:10-cv-2
 ) *Chief Judge Curtis L. Collier*
DAVID FRAZIER, WARDEN, )
TENNESSEE ATTORNEY GENERAL, )
 )
    *Respondent.* )

## **MEMORANDUM**

Phillip Raye Kilgore ("Kilgore") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Court File No. 1]. Kilgore seeks review of his 2004 state convictions on one count of aggravated burglary and one count of theft of property in Hamilton County Criminal Court. Kilgore contends his sentence is unconstitutional. After reviewing the record and the applicable law, the Court concludes that Kilgore's § 2254 petition is time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The information provided by Kilgore reflects that after serving fourteen months in jail he

pleaded guilty to one count of aggravated burglary and one count of theft on January 29, 2004, and was granted probation for five years [Court File No 2, p. 1-2]. Kilgore neither pursued his right to appeal nor filed a state post-conviction petition. Since Kilgore did not pursue a direct appeal, his state court convictions became final on February 28, 2004, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. *See* Tenn. R. App. P. 4(a); 28 U.S.C. § 2244(d)(1). Kilgore had one year from the date his conviction became final in which to file his habeas petition. The one year statute of limitation in Kilgore's case expired on or about February 28, 2005. 28 U.S.C. § 2244(d)(1)(A).

Consequently, the instant § 2254 petition, which was initially filed on or about October 22, 2009, more than four years after the expiration of the one-year statute of limitations for filing a § 2254 petition, is time-barred. Kilgore does not assert any claim for equitable tolling.

Accordingly, it is hereby **ORDERED** that Kilgore's petition for writ of habeas corpus will be **DISMISSED** as time-barred [Court File No. 1]. An order will enter.

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**